Nott, J.
delivered the opinion of the Court.
All the groimds relied on for a new trial, may be resolved into the two following. 1st. That the presiding Judge erred in rejecting the testimony of Littleton Parsons. 2d. That he erred in instructing the Jury that the plaintiff was entitled to recover, although the defendant had established a title in himself.
'With regard to the first, the Judge seems to have adopted the rule said to have been laid down by Lord Mansfield, in the case of Walton v. Shelly, 1 T. R. 296, “that no party who has signed a- paper or deed, shall ever be permitted to give testimony to invalidate that instrument which he has so signed.” But it will be seen by a reference to the case of Bent v. Baker, 3 T. R. 36, that upon a reconsideration of that question, the rule was limited to negotiable instruments: And it has since been entirely exploded, as altogether unsound. Jordaine v. Lashbrooke, 7 T. R. 601. And this latter decision has been adopted in this State as furnishing the true rule of decision on the subject. Knight v. Packard, 3 McC. 71. It was no objection to the competency of the witness, that he had held himself out as the owner of the land, and had mortgaged it as bis own. The objection could only have gone to his credibility, but not to his competency.
I also differ in opinion with the presiding Judge on the second ground. The defendant had pleaded the plea of liberum tene-mentum; and the real question submitted to the Court and Jury was, whether the title was in the plaintiff or defendant: If, therefore, the defendant shewed a title in himself, he was entitled to a verdict. I think the Judge erred in his instructions to the Jury, and a new trial, therefore, must be granted on both grounds.
New trial granted.